SUMMONS ISSUED

IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ FEB - 6 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

EDUARDO SANTIAGO a/k/a EDWARD
SANTIAGO,

                        Plaintiff,

             -against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
and DETECTIVE WILLIAM BUSH,

                       Defendants.

----------------------------------------------------------------X

12 Civ. _____ 559

**COMPLAINT**

**Jury Trial Demanded**

BLOCK, J.

BLOOM, M.J

Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN

LAW OFFICE, LLC, alleges for his complaint as follows:

### THE PARTIES

1.    At all times mentioned herein, the plaintiff, EDUARDO

SANTIAGO a/k/a EDWARD SANTIAGO is a natural person residing in the City and

State of New York, County of Kings.

2.    Upon information and belief, the defendant THE CITY OF NEW

YORK ("City") is a municipal corporation organized and existing under the laws of the

State of New York.

3.    Upon information and belief, the defendant POLICE

DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or

department of the defendant City.

4.     Upon information and belief, the defendant DETECTIVE WILLIAM BUSH is a natural person who is a citizen and resident of the City and State of New York

5.     Upon information and belief, at all times relevant to this complaint, the defendant DETECTIVE WILLIAM BUSH is employed by the defendants CITY OF NEW YORK and POLICE DEPARTMENT OF THE CITY OF NEW YORK as a detective.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

7.     Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, one or more of the defendants resides in this District. *See* 28 U.S.C. § 1391(b).

## THE UNDERLYING FACTS

8.     Upon information and belief, on or about July 8, 2009 the defendant BUSH arrested the plaintiff, charging him with armed robbery.

9.     Upon information and belief, there was no evidence at all against the plaintiff other than a lineup identification, which was carried out by BUSH in a manner that was unduly suggestive to the witness that she should identify the plaintiff.

10.     The defendants had no probable cause to arrest the plaintiff, or to place him in a lineup.

11.     The armed robbery that the plaintiff was arrested for was part of a string of similar robberies.

12.     Upon information and belief, while the plaintiff was in custody additional robberies identified as part of the string were carried out, obviously not by the plaintiff.

13.     The plaintiff was charged with armed robbery, and was forced to post bail in order to regain his freedom.

14.     Four months later, on November 6, 2009 the defendants suddenly dropped all charges against the plaintiff.

15.     Upon information and belief, the defendants learned information that demonstrated the plaintiff's innocence long before they dropped the charges against him.

16.     Plaintiff was forced to live under the cloud of criminal charges.

17.     As a result, plaintiff lost his job, and was unable to find a new job due to the pending criminal charges.

### AS AND FOR A FIRST CLAIM FOR RELIEF

18.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

19.     Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

20.     Upon information and belief, at all times relevant to this complaint, the defendants subjected the plaintiff to the aforementioned conduct, which constituted

a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

21.    Among other things, the defendants wrongfully deprived the plaintiff of his liberty by subjecting him to arrest, and placing him in a lineup without probable cause; creating an overly suggestive lineup; arresting plaintiff without evidence; maliciously prosecuting the plaintiff; and causing the plaintiff to be incarcerated and subject to criminal prosecution.

22.    In addition to the damages suffered by the plaintiff as a result of being deprived of his liberty, as described above, the plaintiff was also damaged in that he spent time in jail; was charged with armed robbery and was required to answer those charges until the charges were dismissed; lost his job; was made to live under a pall of accusation; required to incur legal fees; lost $1,500 paid for a bail bond; severe mental anguish and distress and emotional upset; extensive expenses have been and/or will be incurred for medical and hospital treatment; claimant has been otherwise injured; all of which injuries are permanent and extending into the future

23.    Upon information and belief, the conduct of the defendants was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the police officer defendants.

24.    Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

-4-

25.     The defendants are jointly and severally liable.

26.     By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $25,000,000.

### AS AND FOR A SECOND CLAIM FOR RELIEF

27.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

28.     Historically, it has occurred many times that line-up identifications have been found by the courts to have been unduly suggestive or flawed in other ways.

29.     The defendants CITY OF NEW YORK and THE POLICE DEPARTMENT OF THE CITY OF NEW YORK as a matter of policy fail and refuse to record lineups on videotape.

30.     The failure of the defendants to record lineups on videotape is indefensible in this day and age considering that the cost of equipment to make such recordings has become negligible.

31.     The defendants engage in a similar policy of failing and refusing to record interrogations and interviews with suspects.

32.     The defendants' policy if failing and refusing to record lineups and interviews/interrogations has the effect of creating an opening for police officers to spin whatever occurs during such lineups and interrogations/interviews, presumably on the assumption that the prosecution will derive an advantage from the greater credibility that a police officer is perceived to have as opposed to a person accused of criminal acts.

-5-

33.     Recordings of lineups and interrogations/interviews would protect the rights of defendants, and would lead to a reduction in false accusations, arrests and charges.

34.     The defendants' failure and refusal to record lineups and interviews/interrogations is part of a policy designed to prevent people charged with crimes from having access to the information necessary to defend themselves, and to allow the police to obfuscate their failure to follow proper procedures.

35.     As a result of this policy, the plaintiff was damaged, as aforesaid.

36.     The defendants are jointly and severally liable.

37.     By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $25,000,000.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   New York, New York
         February 6, 2012

                                    Yours,

                                    THE BERKMAN LAW OFFICE, LLC
                                    *Attorneys for the Plaintiff*

                                    by:

                                    Robert J. Tolchin

                                    111 Livingston Street, Suite 1928
                                    Brooklyn, New York 11201
                                    718-855-3627

-7-